UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80166-CR-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT L. WALSH,

    Defendant.
_____/

## RESTITUTION ORDER

This cause came before the Court for a determination of restitution due and owing to the victims in the above-listed case and to establish a payment schedule. Based on the report prepared by the probation officer and with the consent of the parties, it is hereby

**ORDERED AND ADJUDGED** that the defendant shall pay restitution to the victims of the offense as follows: $403,652.60 to the victims of Resort Properties Investment Group and $164,168.17 to the victims of Fidelity First Luxury Concepts, pursuant to Title 18, United States Code, Section 3663A(a)(1). Both obligations are joint and several with defendant Thomas Ford, Case No. 12-80039-Cr-Zloch. The identities of the Resort Properties Investment Group and Fidelity First Luxury Concepts victims and their respective losses are set forth in the probation report.

It is further **ORDERED AND ADJUDGED** that defendant consents to pay $72,000 in

restitution to the victims of Divine Vacations Group, Inc., another fraudulent timeshare business with which the defendant was involved, pursuant to Title 18, United States Code, Sections 3663(a)(1) and (a)(3). This obligation is joint and several with Bryan Bergeron and Thomas Ford, Case No. 12-80039-Cr-Zloch, Michael Franzenburg, Case No. 11-80129-CR-MARRA, and Doris Heliin, Case No. 13-80074-Cr-Marra. The identities of the Divine Vacations Group, Inc. victims and their respective losses are set forth in the probation report.

It is further **ORDERED AND ADJUDGED** that during defendant's period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed in this judgment; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

It is further **ORDERED and ADJUDGED** that the remaining balance of the restitution owed by defendant after the payments set forth above, shall be paid by him in monthly installments at the rate of 10% of his gross monthly income, upon his release from imprisonment, until such time as the court may alter that payment schedule in the interests of justice. Such payments are also an express condition of his supervised release. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

It is further **ORDERED and ADJUDGED** that restitution payments shall be payable to the Clerk, United States Courts, and addressed to U.S. Clerk's Office, Attn: Financial Section, 400 North Miami Avenue, Room 8N09, Miami, Florida   33128-7716.

It is further **ORDERED and ADJUDGED** that defendant remains liable on the full restitution balance of $639,820.77 for twenty years from the date of the entry of the judgment plus the time of incarceration, pursuant to 18 U.S.C. §3613(b) and(f).

**DONE AND ORDERED** at West Palm Beach, Florida, this 23 day of January 2014.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

cc:   Deric Zacca, Esq.
      AUSA Adrienne Rabinowitz
      U.S. Probation Office